## In re MANAGED CARE LITIGATION

**Timothy N. Kaiser, M.D., et al.,**

v.

**Cigna Corp., et al., S.D. Illinois, C.A. No. 3:02–1179**

**No. MDL–1334.**

Judicial Panel on Multidistrict Litigation.

Feb. 21, 2003.

See also 2000 WL 1925080.

Before HODGES, Chairman, KEENAN, SELYA, GIBBONS, JENSEN, MOTZ and MILLER, Jr., Judges of the Panel.

### TRANSFER ORDER

On December 16, 2002, the Panel ordered the parties in this litigation to show cause why this action (*Kaiser*) should not be transferred, under 28 U.S.C. § 1407, to the Southern District of Florida for inclusion in MDL–1334 pretrial proceedings already in progress there before Judge Federico A. Moreno as the transferee judge. The *Kaiser* plaintiffs and defendant Cigna Corp. (Cigna) oppose inclusion of *Kaiser* in MDL–1334 on the grounds that i) *Kaiser* has been extensively litigated in Illinois

state court and further pretrial proceedings in the action are not necessary; ii) a nationwide class settlement has been reached in *Kaiser;* and iii) the Illinois federal court (Chief Judge G. Patrick Murphy) can expeditiously review this settlement. The MDL–1334 provider plaintiffs favor inclusion of *Kaiser* in MDL–1334 on the grounds that i) Judge Moreno has certified a class that overlaps the class defined in *Kaiser;* ii) the class settlement in *Kaiser,* whether approved or not approved, may have collateral consequences affecting the management of the litigation as a whole in MDL–1334; iii) settlement proceedings, in general, have been deemed appropriate for inclusion by the Panel in Section 1407 pretrial proceedings; and iv) the MDL–1334 transferee judge is in the best position to consider the settlement and any other issues presented by *Kaiser* in the overall context of the litigation comprising MDL–1334. The Panel agrees that the action should be transferred into MDL–1334.

■ Thus, on the basis of the papers filed and hearing session held, the Panel finds that *Kaiser* involves common questions of fact with the actions in this litigation previously centralized in the Southern District of Florida. Transfer of this action to the Southern District of Florida for inclusion in the coordinated or consolidated pretrial proceedings occurring in that district will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The Panel further finds that transfer of *Kaiser* is appropriate for the reasons expressed by the Panel in its previous orders directing centralization in this docket. The Panel held that the Southern District of Florida was the proper Section 1407 forum for actions concerning the managed care defendants' alleged liability for their cost-containment policies. *See In re Man-*

*aged Care Litigation,* MDL–1334, 2000 WL 1925080, 2000 U.S.Dist. LEXIS 15927 (J.P.M.L. Oct. 23, 2000); *In re Humana, Inc., Managed Care Litigation,* MDL–1334, 2000 U.S. Dist. LEXIS 5099 (J.P.M.L. Apr. 13, 2000).

■ It is established Panel and court of appeals precedent that settlement matters are appropriate pretrial proceedings subject to centralization under § 1407. *In re Patenaude,* 210 F.3d 135, 142–144 (3d Cir. 2000).[1] The *Kaiser* plaintiffs and Cigna argue, nonetheless, that the Panel's decision in MDL–1316, *In re Charles Schwab & Co. "Best Execution" Securities Litigation,*[2] mandates a contrary result here. We disagree. In that matter, *before* a final transfer order had been entered by the Panel in December, 1999, creating the centralized proceedings in that docket under § 1407, two potential tag-along actions (in which a nationwide class settlement had been reached) were removed from state court to the Eastern District of Louisiana in September, 1999, and a hearing resulting in preliminary approval of the settlement had been conducted in October, 1999. Under those circumstances there was no reason to believe that the transferee judge, designated in December, would be in a better position to supervise and administer the settlement in those tag-alongs, and the Panel therefore decided not to include them in the MDL proceedings. MDL–1334, on the other hand, involves numerous actions brought by both provider and subscriber plaintiffs against numerous managed care defendants and has been centralized by the Panel in the Southern District of Florida since April 2000; Judge Moreno has conducted extensive pretrial proceedings in these actions and is thoroughly familiar with the parties, issues, and nuances involved in this litigation. In addition, the *Kaiser* settlement would only partially resolve provider claims in MDL–1334, but could have a significant impact on the remaining MDL–1334 claims. In short, just as Judge Stanley A. Weigel noted in his concurring opinion in MDL–12–*In re "East of the Rockies" Concrete Pipe Antitrust Litigation,* 302 F.Supp. 244, 253 (J.P.M.L.1969), that the Panel takes numerous factors into consideration when deciding whether Section 1407 transfer is appropriate in the first instance, the Panel also considers multiple factors when evaluating whether inclusion of a potential tag-along action in an ongoing multidistrict litigation is appropriate. Judge Weigel stated that "[s]ome [factors] will be applicable to all proceedings under the statute; some will not. Some will count heavily in some proceedings; lightly in others." *Id.* at 255. The same is true here.

Inclusion of *Kaiser* in MDL–1334 will not adversely impact consideration of the *Kaiser* settlement. Judge Moreno has already invited Cigna to present the proposed settlement to him and he has stated that he has no predisposition about the fairness and adequacy of this settlement.[3]

**1.** *See also In re Lease Oil Antitrust Litigation (No. II),* 48 F.Supp.2d 699 (S.D.Tex.1998) (noting that the Panel included an action in Section 1407 proceedings in which a global settlement had been filed in one of the transferor courts); *In re Viatron Computer Systems Corp. Securities Litigation,* 462 F.Supp. 382 (J.P.M.L.1978) (upon order to show cause, the Panel transferred a tag-along action that was near partial settlement); *In re Armored Car Antitrust Litigation,* 462 F.Supp. 394 (J.P.M.L.

1978) (the Panel included an action in a multidistrict docket even though the MDL litigation had already been preliminarily settled).

**2.** 2000 U.S. Dist. LEXIS 5101 (J.P.M.L. Apr. 14, 2000).

**3.** Partial settlements in multidistrict litigation involving multiple defendants are routine. *See, e.g.,* MDL–1203–*In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Products Liability Litigation* (E.D.Pa. Aug. 28,

Viewed in this light, there is no reason that Judge Murphy in Southern District of Illinois—who had jurisdiction of *Kaiser* for a brief time before the settlement was preliminarily approved—rather than Judge Moreno—who has presided over MDL–1334 for nearly three years—should review the *Kaiser* settlement. We remain confident in Judge Moreno's ability to streamline pretrial proceedings in these actions, while concomitantly directing the appropriate resolution of all claims.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, *Timothy N. Kaiser, M.D., et al., v. Cigna Corp., et al.,* S.D. Illinois, C.A. No. 3:02–1179, is transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable Federico A. Moreno for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

2000); MDL–997–*In re Brand–Name Prescription Drugs Antitrust Litigation* (N.D. Ill. June